# EXHIBIT 3

REC'D MAR 2 2 2019

THE STATE OF TEXAS
COUNTY OF JOHNSON

COUNTY COURT AT LAW 2

# CITATION FOR PERSONAL SERVICE BY CERTIFIED MAIL

CC-C20190346

TO: Texas Premier Resources, LLC d/b/a Premier Tank Truck Service
Registered Agent: **William E. Brown, Jr.**
2441 Bartlett Street
Houston, TX 77098

**NOTICE TO DEFENDANT:** YOU HAVE BEEN SUED. YOU MAY EMPLOY AND ATTORNEY, IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF (20) TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

GREETINGS: You are hereby commended to appear by filing a written answer to the original petition of Plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of (20) twenty days after the date of service of this citation before the Honorable Judge Steven F. McClure, County Court at Law 2, Johnson County, Texas at the Guinn Justice Center, 204 S. Buffalo Ave., in the City of Cleburne, Texas. Said petition was filed in said Court on 03/18/2019 in this cause numbered CC-C20190346.

**CAREN DAVIS vs. TEXAS PREMIER RESOURCES, LLC d/b/a PREMIER TANK TRUCK SERVICE**

ATTORNEY FOR PLAINTIFF: Christian Jenkins
1307-B West Abram Suite 100
Old Town Office Plaza
Arlington, TX 76013
(817) 461-4222

The nature of this demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Cleburne, Texas, on this the 20th day of March, 2019.




BECKY IVEY, CLERK
County Court at Law 2
Guinn Justice Center – Suite 406
204 S. Buffalo Ave.
PO Box 662
Cleburne, Texas 76033

By: Heather E. Page
Deputy Clerk

## RETURN OF CITATION SERVED BY CERTIFIED MAIL

The original of the citation of which the attached is a true copy, with the attachment therein mentioned, was served by mailing on 3/20/2019 by depositing the same in the UNITED STATES POST OFFICE, by certified mail, in an envelope having adequate postage affixed, stamped "deliver to addressee only at and this duplicate copy of said citation is herewith filed and recorded in the County Clerk's office, in Cleburne, Johnson County, Texas on 3/20/2019

By: ______________________
Deputy Clerk

Article Number: 7017 2400 0000 4342 2202

Filed: 3/18/2019 2:53 PM
Becky Ivey, County Clerk
Johnson County, Texas
By: Heather Page, Deputy



**CAUSE NO.:** CC-C20190346

| | | |
|---|---|---|
| **CAREN DAVIS,** | § | **IN THE COUNTY COURTS OF** |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | **JOHNSON COUNTY, TEXAS** |
| **TEXAS PREMIER RESOURCES, LLC.** | § | Johnson County - County Court at Law No. 2 |
| **d/b/a PREMIER TANK TRUCK SERVICE** | § | |
| **Defendant.** | § | **COUNTY COURT AT LAW NO.** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, CAREN DAVIS, (hereinafter referred to as "Plaintiff") in the above-numbered and styled cause, complaining of TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE, (hereinafter referred to as "Defendant"), and for her cause of action would respectfully show the Court and jury the following:

## I.
## Discovery

Pursuant to Tex. R. Civ. P. 190, a Level 2 discovery control plan is appropriate in this case. Plaintiff seeks only monetary relief of over $100,000.00 and less than $200,000.00 including damages of any kind, penalties, cost, expenses, pre-judgement interest and attorney fees.

## II.

## Parties, Jurisdiction and Venue

Plaintiff CAREN DAVIS is a resident of Burleson, Johnson County, Texas. Plaintiff's last four digits of her Social Security Number are 1093 and the last three digits of her drivers' license are 233.

Defendant TEXAS PREMIER RESOURCES, LLC D/B/A PREMIER TANK TRUCK SERVICE., is an entity authorized to do business in Texas, and may be served through its registered agent William E. Brown Jr., 2441 Bartlett Street, Houston, TX 77098.

This Court has jurisdiction over the subject matter of this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Johnson County, Texas pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as a substantial part of the events giving rise to this cause of action occurred in Tarrant County, Texas.

**III.**
**Factual Background**

Plaintiff, is a 49 year old Caucasian female, who was hired by the Defendant on April 20, 2018 as the office manager and was qualified to do the job she was hired to do. Plaintiff was the only woman in the operations department. Plaintiff was told by Kori Weyand. Human resources and the owner, Will Brown to change the hours if a driver worked more than 12 hours. Plaintiff refused to change the timesheets.

Near the beginning of June, 2018, a female came into the office for an interview with operations manager, Freddie Lee. After the interview, Plaintiff overheard Mr. Lee talking about the applicant with other male employees. Mr. Lee stated that she was hot, that she must have had a boob job, and he was going to find a position for her. Mr. Lee told Plaintiff that Plaintiff was past her expiration date.

On June 15, 2018, the female applicant, Stephanie Valero, Hispanic female, early 20s, came into the office to start training with dispatch. After a few hours of training, Mr. Lee called her into his office and spoke with Ms. Valero for approximately 20 minutes. After she returned to dispatch

to continue working, Mr. Lee came into Plaintiff's office and stated to Plaintiff that Ms. Valero was now his assistant and would be in charge if he was not on the property. Mr. Lee told Plaintiff that she was to train Ms. Valero to do Plaintiff's job, so that if Plaintiff was ever gone, Ms. Valero would be able to handle Plaintiff's job duties. Plaintiff showed Ms. Valero her job duties as Mr. Lee requested. On June 18, 2018, Plaintiff was terminated from her employment by Mr. Lee. Plaintiff asked Mr. Lee why was she being terminated and he told her, " We're going in a different direction."

Plaintiff pleads a cause of action against Defendant for Age discrimination, Sex discrimination, and in retaliation for failing to perform an illegal act, in violation of the Texas Labor Code and Texas Commission on Human Rights Act, and in retaliation for failing to perform an illegal act. Plaintiff has filed this petition is a timely manner as it has been filed within 60 days of Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has exhausted all administrative remedies as seen by the attached Right to Sue letter issued by the EEOC.

## VI. Damages

As a result of said wrongful discharge, Plaintiff has been damaged in that Plaintiff has lost wages and benefits in the past and may suffer a loss of future earnings and benefits. Plaintiff has further suffered mental anguish in the past and will continue to suffer mental anguish in the future. Plaintiff bring this cause of action to recover such damages.

Plaintiff will show that she is entitled to exemplary damages as a result of the willful, intentional and malicious wrongful discharge/termination by retaliation and discrimination by the Defendant. Plaintiff further is entitled to exemplary damages in that the defendant acted with intentional malice in terminating her. Plaintiff is further entitled to reasonable attorney fees for representation in this lawsuit.

**VII.**
**Jury Demand**

Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff have and recover judgment from the Defendant as follows: actual damages in a sum in excess of the minimum jurisdictional limits of the Court; punitive damages in a sum in excess of the minimum jurisdictional limits of the Court; pre-judgment interest as provided by law; interest on the judgment at the legal rate; costs of court; attorney fees and such other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,
**Law Offices of Christian Jenkins, P.C.**

/s/ Christian Jenkins
CHRISTIAN JENKINS
State Bar No.: 10625500
Old Town Office Plaza
1307-B W. Abram Street, Suite 100
Arlington, Texas 76013
jenkins5@aol.com
817.461.4222
817.461.5199 – Facsimile
ATTORNEY FOR PLAINTIFF

EEOC Form 161-B (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Caron Davis
208 Roland Street
Burleson, TX 76028

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2018-05862 | Juan F. Munoz, Intake Supervisor | (214) 253-2774 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

Belinda F. McCallister,
District Director

FEB 01 2019
*(Date Mailed)*

Enclosures(s)

cc: Human Resources Mgr.
TEXAS PREMIER RESOURCS LLC
4128 CR 616
Alvarado, TX 76009

Christian Jenkins, Attorney
1307 B West Abram STE 100
Arlington, TX 76013

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

RECEIVED FEB 06 2019

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**CAUSE NO.:** CC-C20190346

| | | |
|---|---|---|
| **CAREN DAVIS,** **Plaintiff** | § | **IN THE COUNTY COURTS OF** |
| **v.** | § | |
| | § | **JOHNSON COUNTY, TEXAS** |
| **TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE** | § | Johnson County - County Court at Law No. 2 |
| **Defendant.** | § | **COUNTY COURT AT LAW NO.** |

PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT

TO: Defendant, TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE., thru its registered agent, William E. Brown, Jr., 2441 Bartlett Street, Houston, Texas 77098.

NOW COMES, CAREN DAVIS, (hereinafter referred to as "Plaintiff"), Plaintiff in the above-numbered and styled cause who serves this her First Integrated Set of Discovery upon Defendant, TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE (hereinafter referred to as "Defendant").

INTEGRATION: Plaintiff serves these discovery requests in an integrated form pursuant to Tex. R. Civ. P. 192.2.

DUE DATE: Defendants must provide full and unequivocal responses in writing to the undersigned counsel of record within 50 days of service hereof.

SUPPLEMENTATION: Pursuant to Tex. R. Civ. P. 193.5 Defendants are under an on-going duty to supplement these responses whenever the answers previously given are no longer complete and correct.

VERIFICATION: Pursuant to Tex. R. Civ. P. 197.2(d) Defendants must provide a sworn response to Plaintiff's Interrogatories.

DEFINITIONS AND INSTRUCTIONS

A. As used herein, the term "you", "your", or "Defendants" shall mean Defendant, TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE., as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf

whether authorized to do so or not.

B. When used herein "Plaintiff" means Plaintiff CAREN DAVIS.

C. When used herein "incident", or "injury" mean the alleged wrongful termination alleged to have occurred on or around June 18, 2018, in Tarrant County, Texas.

D. "Possession", "custody" or "control" means that the Defendant has either physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item. Tex. R. Civ. P. 192.7(b).

E. "Testifying Expert" is an expert who may be called to testify as an expert witness at trial. Tex. R. Civ. P. 192.7(c).

F. A "consulting expert" is an expert who has been consulted, retained or specially employed by a party in anticipation of litigation or in preparation for trial, but who is not a testifying expert. Tex. R. Civ. P. 192.7(d).

G. When used herein, "document" means all written, typed, or printed matter, all magnetic, electronically stored or transmitted information, records or documentation of any kind or description in your actual possession, custody or control, including those in the possession, custody or control of any and all present of former directors, officers, employees, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

H. When used herein, "electronic form" means all Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used in connection with your computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, you are to preserve all of your e-mails related to the Incident, including drafts and revisions; all spreadsheets, including drafts and revisions; all

presentation data or slide shows related to the Incident and produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data related to the Incident and produced by project management software (such as Microsoft Project); all data related to the Incident generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus notes); all data related to the Incident created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data related to the Incident created with the use of document management software; all data related to the Incident created with the use of paper and electronic of mail logging and routing software; all internet and Web-browser-generated history files, caches and "cookies" files related to the Incident and generated at the workstation of each employee and/or agent in your employ and on any and all backup storage media and any and all other files related to the Incident and generated by users through the use of computers and/or telecommunications, including but not limited to voice mail, or cell phone text messages.
You are also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access coeds, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information.

I. When used herein "identify" means to identify the person or entity by name, address and phone number.

**REQUEST FOR DISCLOSURE**

Pursuant to Texas Rule of Civil Procedure 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

**INTERROGATORIES**

In accordance with Tex. R. Civ. P. 192.2 Plaintiff in the above-numbered and styled cause further serves these Interrogatories upon Defendant, TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE., and (hereinafter referred to as "Defendants") pursuant to Tex. R. Civ. P. of the Texas Rules of Civil Procedure.

**INTERROGATORY NO. 1:** Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, identify the specific Interrogatories answered by each person.

ANSWER:

**INTERROGATORY NO. 2:** Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to the facts made the basis for this

lawsuit and provide a brief statement of each identified person's connection with the case. This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence. This interrogatory includes a request to identify all persons known to you, your associates, or your attorneys who claim to know how, when, or why Plaintiff was fired.

ANSWER:

**INTERROGATORY NO. 3:** Identify all written or oral complaints and the name of the person or entity making such complaint made to you or your parent, predecessor or successor corporations in the last three years in the DFW-Metroplex to the present by any person, union, or other entity regarding age discrimination, gender discrimination, or retaliation for failure to perform an illegal act.

ANSWER:

**INTERROGATORY NO. 4:** Identify every settlement agreement that you have entered into in the last three years in the DFW-Metroplex through the present with any person, party or entity where they alleged that you committed age discrimination, gender discrimination, or retaliation for failure to perform an illegal act.

ANSWER:

**INTERROGATORY NO. 5:** Has Defendant been properly named in this lawsuit? If not, please state the proper capacity in which the Defendant should be named.

ANSWER:

**INTERROGATORY NO. 6** Identify all of your employees who have left your employment in the DFW-Metroplex within the last three years through the present, who complained of age discrimination, gender discrimination and/or retaliation for failure to perform an illegal act.

ANSWER:

**INTERROGATORY NO. 7:** State why the Plaintiff's employments was terminated, the date of termination and identify all factors, reasons, justifications and/or excuses for terminating Plaintiff's employment with the Defendant, and state whether or not Plaintiff was informed of these factors, reasons, justifications and/or excuses and if so, the date Plaintiff was given this information.

ANSWER:

**INTERROGATORY NO. 8:** Identify all persons involved in the decision to terminate Plaintiff.

ANSWER:

**INTERROGATORY NO. 9:** If Defendant has a personnel policy regarding the use of progressive disciplinary measures in handling of personnel problems, that is the use of verbal or written warnings, suspension, or termination; please identify such policy and the persons(s) responsible for monitoring or implementing the policy and state whether such policy was followed in the Plaintiff's termination.

ANSWER:

**INTERROGATORY NO. 10**: Identify each and every allegation in Plaintiff's Petition or Complaint filed in this lawsuit which you assert is false or inaccurate, and detail specifically all facts, proof, or evidence you claim prove these allegations are false or inaccurate, and identify the true or accurate facts which demonstrate the falsity or inaccuracy of such allegations.

ANSWER:

**INTERROGATORY NO. 11:** Identify the individual or individuals who took over Plaintiff's job duties and state the age and gender of such employee, whether such employee was a temporary or permanent employee, state whether such employee was employed by Defendant prior to Plaintiff's last day at work and each such employee's date of hire.

ANSWER:

**INTERROGATORY NO. 12:** If Defendant furnished Plaintiff or any other employee medical insurance, disability insurance, pension plans, profit sharing, unemployment compensation insurance, meals, tips, uniforms, travel expenses, or any other employee benefits, please state the value on a hourly or weekly basis of each fringe benefit.

ANSWER:

**INTERROGATORY NO. 13:** Identify any individual in the DFW-Metroplex in the last 3 years who was terminated for the same reason Plaintiff was terminated. State whether such individual had made age discrimination, gender discrimination, or retaliation for failure to perform an illegal act complaints in the last 3 years.

ANSWER:

**INTERROGATORY NO. 14:** Pursuant to Tex. R. Civ. P. 192.3(d) please state the name, address and telephone number of every person Defendant reasonably anticipates to call to testify at trial as a rebuttal or impeachment witness.

ANSWER:

**INTERROGATORY NO. 15:** Identify any party or potential witness who is subject to impeachment under Tex. Rule Of Evidence 609.

ANSWER:

INTERROGATORY VERIFICATION

I, ______________________________, having answered the foregoing PLAINTIFF'S INTERROGATORIES, do state upon my oath the answers are within my personal knowledge, true and correct.

______________________________
Affiant for TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE., and

STATE OF TEXAS §
COUNTY OF ___________ §

Before me, the undersigned authority, on this day personally appeared ______________________________________________, who having first been duly sworn according to the law stated that the foregoing ANSWERS TO PLAINTIFF'S INTERROGATORIES are within his personal knowledge, true and correct.

SUBSCRIBED AND SWORN TO on this _____ day of ___________________, 20__.

______________________________
Notary Public,
in and for the State of Texas

**REQUESTS FOR PRODUCTION**

In accordance with Tex. R. Civ. P. 192.2, Plaintiff in the above-numbered and styled cause further serves these Requests for Production upon Defendant, TEXAS PREMIER RESOURCES, LLC. d/b/a PREMIER TANK TRUCK SERVICE., and (hereinafter referred to as "Defendants") pursuant to Tex. R. Civ. P. 196 of the Texas Rules of Civil Procedure.

DUE DATE: Defendant must provide full and complete to the undersigned counsel of record within 50 days of service hereof.

LOCATION: Pursuant to Rule 196.3(a) of the Tex. R. Civ. P. Plaintiff designates the location for production to be at the Law Offices of Christian Jenkins, P.C., 1307-B W. Abram, Suite 100, Arlington, Texas, 76013.

ORGANIZATION: Pursuant to Rule 196.3(c) the Defendant must produce material responsive hereto as it is kept in the usual course of business, or organize such to correspond with the categories in this request.

**In conformity to the Texas Rules of Civil Procedure, please produce the following:**

**REQUEST FOR PRODUCTION NO. 1:** A complete copy of Plaintiff's personnel/employment file including all wage and benefit information as kept by Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO.2:** A copy of your personnel policy book or manual, specifically a copy of any such policy book and personnel manual in effect as of June, 2018.

RESPONSE:

**REQUEST FOR PRODUCTION NO.3:** A copy of any and all expert's report for all experts who may testify in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO.4:** A copy of any and all insurance policies or agreements which may be liable to satisfy part or all of a judgement which may be rendered in this action or to indemnify or reimburse for payments made to satisfy judgement.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:** Copies of any and all photographs, films, videotapes or

moving pictures taken of Plaintiff relevant to this cause of action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** Copies of any and all statements made by Plaintiff concerning her termination.

RESPONSE:

**REQUEST FOR PRODUCTION NO.7:** A copy of any and all internal memoranda regarding Plaintiff and the employment relationship with you, which pre-date the filing of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO.8:** Copies of any and all documents, test results, reports, and other tangible things which you reviewed or relied upon making the decision to terminate Plaintiff's employment.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:** Copies of all memoranda, notes, reports, correspondence, documents and other tangible things which reflect conversation or conference with Plaintiff at the time of his termination.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:** Copies of any and all written evaluations of Plaintiff's job performance or of any such evaluation reduced to written or tangible form.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:** Copies of any and all notes, memoranda, correspondence, or writings reflecting any complaints, warnings, or disciplinary action regarding Plaintiff's job performance or attendance.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:** All written statements (including tape or video recording of oral statements) made by or taken of Defendant's agents, employees, or representatives pertaining to facts relevant to this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents regarding past legal proceedings regarding a claim for age discrimination, gender discrimination or retaliation for failure to perform an illegal act in the DFW Metroplex and Johnson County in the last 3 years. The documentation sought in this request includes, but is not limited to, petitions or complaints, and EEOC responses filed by Defendant.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:** Produce a copy of Plaintiff's attendance record in 2018.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:** Produce any email in the last six months before and after Plaintiff's termination that mentions Plaintiff's name.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:** True, correct, complete and legible copies of all documents that may be used to impeach, by proof of conviction, any party to this suit, or any person whose name is mentioned in any parties' answers to interrogatories. Texas Rule of Civil Evidence 609.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:** A true and correct copy of each and every document evidencing the arrest, incarceration, pleas, trials, and/or convictions of Plaintiff regarding any crime constituting a felony or misdemeanor involving moral turpitude including but not limited to any complaint, warrant, indictment, information, plea, agreement, judgment, probation document, letters, memoranda or correspondence regarding same.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** Produce a copy of any written complaint made by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:** True and correct copies of all of the drivers' logs at the facility where Plaintiff worked for the six months before Plaintiff was terminated.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:** True and correct copies of the personnel file of any employee who took over Plaintiff's job duties. You may exclude personal information such as social security, birthdate, driver's license number, tax deductions or other personal information not related to their work performance.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:** True and correct copies of the personnel files of Kori Weyland, Will Brown, Freddie Lee and Stephanie Valero. You may exclude personal information such as social security, birthdate, driver's license number, tax deductions or other personal information not related to their work performance.

RESPONSE:

**REQUESTS FOR ADMISSIONS**

1. Admit or Deny that Plaintiff was terminated on or around June 18, 2018.
Response:

2. Admit or Deny Plaintiff was qualified to do the job she was hired to do.
Response:

3. Admit or Deny that Defendant has been named properly.
Response:

4. Admit or Deny that Defendant terminated Plaintiff because of her age.
Response:

5. Admit or Deny that Plaintiff has exhausted all required administrative remedies fo filing a disability discrimination claim prior to filing suit in this matter.
Response:

6. Admit or Deny that Defendant terminated Plaintiff because of her failure to perform an illegal act.
Response:

7. Admit or Deny that Defendant terminated Plaintiff because of her gender.
Response:

8. Admit or Deny that Plaintiff was replaced by a person who was younger than the Plaintiff.
Response:

9. Admit or deny that in the six months before Plaintiff's termination you asked Plaintiff to change the drivers' time sheets to reflect only 12 hours a day if they worked more than 12 hours.

Response:

10. Admit or deny that Plaintiff refused to change the drivers' time sheets.

Response:

Respectfully submitted,
**Law Offices of Christian Jenkins, P.C.**

/s/ Christian Jenkins
Christian Jenkins
State Bar No.: 10625500
Old Town Office Plaza
1307-B West Abram Street, Suite 100
Arlington, Texas 76013
jenkins5@aol.com
817.461.4222 – Telephone
817.461.5199 – Facsimile

**Certificate of Service**

This is to certify that a true and correct copy of the foregoing instrument was served upon Defendant contemporaneously with Plaintiff's Original Petition and Citation.

/s/ Christian Jenkins
Christian Jenkins