IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAREN DAVIS,<br>　　　Plaintiff<br>v.<br><br>TEXAS PREMIER RESOURCES, LLC.<br>d/b/a PREMIER TANK TRUCK SERVICE<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CC NO: 3:19-CV-01032 |

## MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, CAREN DAVIS, (hereinafter referred to as "Plaintiff"), moves this Court for an order remanding this action to the County Court at Law, No. 2, Johnson County, Texas, on the grounds that this Court lacks jurisdiction over the subject matter of this action. In support of this motion, Plaintiff shows:

Plaintiff has asserted that she was terminated from her employment because she refused to preform an illegal act punishable by imprisonment. Plaintiff asserts that the federal statute violated was 29 USC 211 and 216a in the FLSA.

This case clearly falls under Sabine Pilot <u>Service Inc v. Hauck</u>, *687 S.W.2d 733, 735 (Tex. 1985)*, which is a narrow exception to the at will doctrine and allows a claim for wrongful termination if a party is fired for refusing to perform an illegal act. There is no equivalent federal statute or federal case law reaching the same decision.

Plaintiff in this case does not reference a federal law which provides a cause of action for

wrongful termination under the doctrine of Sabine Pilot. Federal courts are of limited jurisdiction and subject-matter jurisdiction is a restriction on federal power.

The issue as to whether Plaintiff was wrongfully terminated is based upon Sabine Pilot, not the FLSA.

Defendant has cited two cases to support its assertion that reliance on the FLSA creates federal jurisdiction. These cases Empire Healthchoice Assur, Inc. V. McVeigh, *547 U.S. 677* and Singh v. Duane Morris, LLP, *538 F3rd 334 (5th Cir. 2008)*, both held that the Court lacked federal jurisdiction to hear the case.

A careful reading of the cases show that the Court lacks subject matter jurisdiction and do not support removal as Defendant suggests.

In Merrell Dow Pharmaceuticals Inc v. Thompson, *106 S. Ct. 3229 at 3237*, the Supreme Court stated:

> "A complaint alleging a violation of a federal statute as an element of a state case cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws or treaties of the United States"

In Willy v. Coastal Corp, *855 F2, 1160 (5th Cir. 1988)*, a Sabine Pilot case, the Plaintiff asserted that he was fired for refusing to violate federal regulations. The Court held that the federal law must be in the forefront of the case and not collateral, peripheral or remote and that violation of these federal regulations are:

> "Not substantial in relation to the claim as a whole, which is in essence one under state law. The Texas common law doctrine stated in Sabine Pilot is one intended to protect the rights of any employees, whether the law that they are fired for refusing to violate is state or federal, environmental or otherwise, is wholly immaterial."

In Marren v. Stout, *930 F. Supp 2nd 675, (W.D. Texas, 2013)*, the Court citing Isbel v. Stewart

and Stevenson Ltd, *9 F. Supp 2nd, 731 (S.D. Texas 1998)* stated:

> "the need to apply federal criminal law in a Sabine Pilot claim does not present a substantial federal question because "the state court is able to identify the elements of these basic criminal statutes and no complex interpretation of these laws is necessary" and because the federal statutes are not central to [a Sabine Pilot] claim, which is a unique creature of state law."

WHEREFORE premises considered, Plaintiff prays that the Court remand this case and order Defendant to pay Plaintiff's attorney a small fee for having to file this Motion.

Respectfully submitted,
**Law Offices of Christian Jenkins, P.C.**

/s/ Christian Jenkins
CHRISTIAN JENKINS
State Bar No.: 10625500
Old Town Office Plaza
1307-B W. Abram Street, Suite 100
Arlington, Texas 76013
jenkins5@aol.com
817.461.4222
817.461.5199 – Facsimile
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via facsimile to the following:

**Paul M. Lanagan**
**Meaders & Lanagan**
**2001 Bryan St., Ste. 3625**
**Dallas, TX 75201**
**Planagan@meaderslaw.com**
**214-721-6210**
**214-721-6289 - facsimile**

on this the 3rd day of May, 2019

/s/ Christian Jenkins
Christian Jenkins